IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,


v.                                                  No. CV 16-00622 JCH/KRS
                                                  No. CR 12-02836 JCH

PERMANUEL CASTILLO,

    Defendant/Movant.


**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
<u>RECOMMENDED DISPOSITION</u>**

**THIS MATTER** is before the Court under 28 U.S.C. § 636(b)(1) on the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 15) and on Movant Permanuel Castillo's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 20). The Court overrules Movant's Objections and adopts the Magistrate Judge's Proposed Findings and Recommended Disposition.

### 1. <u>Factual and Procedural Background</u>

Movant Permanuel Castillo was charged with (1) Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3), (2) Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and (3) Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (CR Doc. 14). On April 13, 2013, Movant entered into a Plea Agreement, pleading guilty to the charge of Use of a Firearm During a Crime

1

of Violence. (CR Doc. 31). The Plea Agreement contained an appeal waiver, stating that Castillo was knowingly waiving his right to appeal his conviction and sentence and any collateral attack to the conviction or sentence other than on the issue of ineffective assistance of counsel. (CR Doc. 31 at 6). Castillo was sentenced to a term of 120 months as to Court 3 and the remaining counts were dismissed on motion by the United States. (CR Doc. 39). The Court also imposed a term of 5 years of supervised release. (CR Doc. 39 at 3).

Movant filed his Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 on June 21, 2016. (CV Doc. 1; CR Doc. 41). In his § 2255 Motion, Movant Castillo contended that his 120-month sentence for use of a firearm during a crime of violence, in violation of § 924(c), is unconstitutional because his predicate offenses of assault with a deadly weapon and assault resulting in serious bodily injury no longer qualify as crimes of violence following the holding of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). The United States filed its Response to Castillo's § 2255 Motion on August 29, 2016. (CV Doc. 6, CR Doc. 47). The United States raised Castillo's waiver of collateral review in the Plea Agreement and procedural default based on Castillo's failure to raise the issues on appeal. (CV Doc. 6 at 2-5, 16-22; CR Doc. 47 at 2-5, 26-22). The United States also contended that *Johnson* does not extend to § 924(c) and Castillo's convictions constitute crimes of violence under the "force" clause of § 924(c) rather than the residual clause. (CV Doc. 6 at 5-16; CR Doc. 47 at 5-16). Movant Castillo filed his Reply to the United States' Response on December 13, 2016. (CV Doc. 13; CR Doc.54).

The case was referred to the Magistrate Judge for proposed findings and a recommended disposition under 28 U.S.C. § 636(b)(1). (CV Doc. 14). The Magistrate Judge entered the Proposed Findings and Recommended Disposition on March 10, 2017. (CV Doc. 15; CR Doc. 55) ("PFRD"). In the PFRD, the Magistrate Judge found:

(1) that Castillo had shown cause and prejudice sufficient to overcome failure to file a direct appeal and his § 2255 Motion is not barred by procedural default (CV Doc. 15 at 7; CR Doc. 55 at 7);

(2) that the waiver of collateral review in the Plea Agreement is enforceable and Castillo's § 2255 claims are barred by the waiver (CV Doc. 15 at 9; CR Doc. 55 at 9);

(3) that the Court need not reach the question of whether the U.S. Supreme Court's ruling in *Johnson* extends to § 924(c) (CV Doc. 15 at 11; CR Doc. 55 at 11); and

(4) that Castillo's convictions for assault with a dangerous weapon under § 113(a)(3) and assault resulting in serious bodily injury under § 113(a)(6) constitute crimes of violence under § 924(c)(3)(A)'s force clause and without resort to § 924(c)(3)(B)'s residual clause (CV Doc. 15 at 15; CR Doc. 55 at 15). The Magistrate Judge recommended enforcing the waiver and dismissing Castillo's § 2255 Motion on that basis or, alternatively, denying the Motion on the grounds that Defendants' assault charges constitute crimes of violence under § 924(c)(3)(A)'s force clause. (CV Doc. 15 at 15; CR Doc. 55 at 15). In the PFRD, the Magistrate Judge notified the parties of their right to file written objections within fourteen (14) days after service of the PFRD and advised that filing of written objections was necessary to preserve any issue for further appellate review of the PFRD. (CV Doc. 15 at 1, nt. 1; CR Doc. 55 at 1, nt. 1).

Following an extension of time, Movant Castillo filed Petitioner's Objects to the Magistrate Judge's Proposed Findings and Recommended Disposition on May 24, 2017. (CV Doc. 20; CR Doc. 58). Castillo objected to the Magistrate Judge's finding that the Plea Agreement waiver of collateral review should be enforced on the grounds that enforcement of the postconviction waiver would allow his fundamentally unfair sentence to stand and result in a miscarriage of justice. (CV Doc. 20 at 1-3, ¶¶ 1-4; CR Doc. 58 at 1-3, ¶¶ 1-4). Castillo also objected to the Magistrate Judge's

finding that Castillo's assault offenses constitute crimes of violence under the force clause of § 924(c)(3)(A) and that he was sentenced without resort to the residual clause of § 924(c)(3)(B). (CV Doc. 20 at 3-7, ¶¶ 5-8; CR Doc. 58 at 3-7, ¶¶ 5-8). The United States did not object to the PFRD.

### 2. Legal Standards Governing Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition

Under 28 U.S.C. § 636(b)(1)(C), the Court conducts a *de novo* review of any objections to the Magistrate Judge's PFRD. To resolve an objection to the PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party's objections to the PFRD must be "both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection must be sufficient to focus the Court on the factual and legal issues actually in dispute. *Id.* at 1060. Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996).

The Court finds that Movant Castillo's Objections were timely filed within the extension of the deadline granted by the Court. The Court also finds that Castillo's objections are sufficiently specific to preserve the factual and legal issues for *de novo* review by the Court.

### 3. *De Novo* Review of Movant Castillo's Objections

**A. Enforcement of the Postconviction Waiver of Collateral Review:**

Castillo objects to enforcement of the waiver of collateral review in his Plea Agreement on the grounds that enforcement will result in a miscarriage of justice. (CV Doc. 20 at 1-3; CR Doc. 58 at 1-3). In general, a knowing and voluntary waiver of § 2255 rights in a plea agreement is

4

enforceable. *United States v. Cockerham,* 237 F.3d 1179, 1183 (10th Cir. 2001). The Court considers, however, whether enforcing the waiver will result in a "miscarriage of justice." *United States v. Hahn,* 359 F.3d 1315, 1327 (10th Cir. 2004). To constitute a miscarriage of justice, the claimed error must go to the lawfulness of the plea waiver, not to the lawfulness of the sentence. *Hahn,* 359 F.3d at 1327 (miscarriage of justice exists "where the ***waiver*** is otherwise unlawful." (emphasis added)). The Tenth Circuit has indicated that a *Johnson*-based sentencing challenge would not entail a miscarriage of justice. *See United States v. Frazier-LeFear,* 665 F. App'x 727, 731-33 (10th Cir. 2016). *See, also, United States v. Winberg,* 2018 WL 6839802 (D. Colo. 2018); *United States v. Hill,* 2017 WL 1955327 (D. Kan. 2017); *United States v. Mannie,* 2017 WL 6999995 (W.D. Okla. 2017); *Acosta-Perez v. United States,* 2017 WL 3084399 (D. Utah 2017).

In this case, Castillo agreed to relinquish his right to collaterally attack any sentence imposed in accordance with this Rule 11(c)(1)(C) plea agreement, which includes any challenge under *Johnson*. Castillo's challenge to the use of assault offenses as predicate crimes of violence under § 924(c) is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver. *Hahn,* 359 F.3d at 1327. As such, it does not support a finding that enforcement of the waiver would result in a miscarriage of justice. *Id.* Castillo entered into his post-conviction waiver knowingly and voluntarily, and although the Supreme Court changed the law in *Johnson*, this change did not render defendant's waiver itself unlawful. *Frazier-LeFear,* 665 F. App'x at 731-33. Accordingly, the Court overrules Castillo's objection and concludes that the post-conviction waiver of collateral review in Castillo's Plea Agreement is enforceable.

However, the Court need not rest its decision on Castillo's waiver of collateral review. Even if the postconviction waiver should not be enforced, Castillo is not eligible for relief in this case because, as set out, below, Castillo's convictions for assault with a dangerous weapon under

§ 113(a)(3) and assault resulting in serious bodily injury under § 113(a)(6) constitute crimes of violence under § 924(c)(3)(A)'s force clause and without resort to § 924(c)(3)(B)'s residual clause.

### B. *Johnson* Does Not Invalidate Castillo's § 924(c) Sentence.

Castillo also objects to the Magistrate Judge's PFRD on the grounds that the *Johnson* decision invalidates the residual clause of 18 U.S.C. § 924(c)(3) and his assault offenses do not have as an element the use of physical force and do not constitute crimes of violence under § 924(c)'s force clause. (CV Doc. 20 at 3-8; CR Doc. 58 at 3-8). The Court concludes that the holding in *Johnson* does not extend to § 924(c) and, even if it did invalidate the residual clause of § 924(c), the § 113(a) assault offenses constitute crimes of violence under the force clause and Castillo was sentenced without resort to the residual clause.

**1. Application of Johnson to § 924(c).** In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c)(3)(B) is an unsettled question. In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt. 135 S.Ct. at 2561. The lower courts divided on the question of application of the *Johnson* ruling to § 924(c) and similarly-worded provisions, but a majority of courts have held that the ruling in *Johnson* did not invalidate the residual clause of § 924(c). *See United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016)( declining to find § 924(c) void for vagueness); *In re Smith*, ___ F.3d ___, 2016 WL 3895243 at *2-*3 (11th Cir. 2016) (noting the issue but not deciding it in the context of an

application for permission to file a second or successive § 2255 motion). The Court concludes that the *Johnson* holding does not apply to invalidate Castillo's sentence under § 924(c).[1]

    **2. Assault Offenses as Crimes of Violence.** However, even if the ruling in *Johnson* did extend to § 924(c), Castillo would still not be eligible for relief because Castillo's predicate assault offenses constitute crimes of violence under the force clause and without resort to the residual clause. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>     (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as

---

[1] The question of the constitutional validity of the residual clause in § 924(c) is pending before the Supreme Court in *United States v. Davis,* U.S. Supreme Court Docket No. 18-431 (*cert. granted and case pending*). The Court expresses no opinion as to whether, in a successive motion filed under § 2255, Movant Castillo might be eligible for relief under any decision in *United States v. Davis*.

7

the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

In 2010, the Supreme Court interpreted the "physical force" requirement of the force clause of § 924(e)(2)(B) to require "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States* 559 U.S. 133, 140 (2010) ("*Johnson I*"). The Tenth Circuit has consistently held that assault crimes, such as assault with a dangerous weapon and assault resulting in serious bodily injury as offenses meeting the "physical force" requirement. Recently, in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), the Tenth Circuit held that New Mexico aggravated assault with a deadly weapon was categorically a crime of violence under the Guidelines' force clause, even where the underlying assault was committed through use of insulting language. Conviction under the statute required proof that the defendant used a weapon capable of producing death or great bodily harm in committing the assault. *Id.* at 1250. Thus, assault with a deadly weapon "necessarily threatens the use of physical force." *Id. See, also, United States v. Ramon Silva*, 608 F.3d 663, 669–71 (10th Cir. 2010) (New Mexico aggravated assault, committed by threatening or engaging in menacing conduct with a deadly weapon, satisfies the ACCA's force clause); *United States v. Mitchell*, 653 F. App'x. 639, 644–45 (10th Cir. 2016) (Oklahoma assault with a dangerous weapon satisfies the force clause of the Guidelines, because the additional element of a deadly or dangerous weapon makes an

8

apprehension-causing assault a crime of violence); *United States v. Taylor*, 843 F.3d 1215, 1224 (10th Cir. 2016). Assault with a dangerous weapon under § 113(a)(3) requires intent to do bodily harm and necessarily includes physical force as an element. 18 U.S.C. § 113(a)(3).

Similarly, assault resulting in serious bodily injury under § 113(a)(6) necessarily requires the use of physical force. Even though assault statutes can be violated without any actual physical contact or violence against the victim, a statute criminalizing conduct that leads to substantial and violent contact, always includes as an element the threatened use of violent force. *Ramon Silva*, 608 F.3d at 672 (quoting *United States v. Treto-Martinez*, 421 F.3d 1156, 1160 (10th Cir. 2005); *United States v. Dominguez*, 479 F.3d 345, 349 (5th Cir. 2007). Under Tenth Circuit precedent, assault with a dangerous weapon under § 113(a)(3) and assault resulting in serious bodily injury under § 113(a)(6) are crimes of violence under § 924(c)(3)(A)'s force clause.

In his objection, Movant Castillo relies on *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005) to argue that assault offenses do not have physical force as an element and do not constitute crimes of violence under § 924(c)'s force clause. (CV Doc. 20 at 6-7). However, the Tenth Circuit overruled *Perez-*Vargas in *United States v. Ontiveros*, 875 F.3d 533, 538 (10th Cir. 2017). In *Ontiveros*, the Tenth Circuit held that the previous decisions in *Perez-Vargas*, 414 F.3d at 1282, and *United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008), relied on reasoning that is no longer viable in light of the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157 (2014). *See Ontiveros*, 875 F.3d at 536. The *Ontiveros* panel rejected *Perez-Vargas* and other cases, which held that statutes criminalizing the result of conduct (e.g., bodily injury) rather than the conduct itself (e.g., the means of inflicting the injury) do not necessarily involve the "use" of physical force. *Id.; United States v. Bettcher*, 911 F.3d 1040, 1047 (10th Cir. 2018).

The Court overrules Castillo's objections and holds that Castillo is not eligible for relief in this case because Castillo's convictions for assault with a dangerous weapon under § 113(a)(3) and assault resulting in serious bodily injury under § 113(a)(6) constitute crimes of violence under § 924(c)(3)(A)'s force clause and without resort to § 924(c)(3)(B)'s residual clause. The Court will deny Castillo's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court also finds that Movant Castillo has failed to make a showing of denial of a substantial constitutional right and denies a Certificate of Appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED:**

(1) Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition filed by Movant Permanuel Castillo (CV Doc. 20; CR Doc. 58) are **OVERRULED**;

(2) the Magistrate Judge's Proposed Findings and Recommended Disposition (CV Doc. 15; CR Doc. 55) are **ADOPTED** as an Order of the Court;

(3) the Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Permanuel Castillo (CV Doc. 1; CR Doc. 41) is **DENIED** and Judgment will be entered dismissing the Motion with prejudice; and

(4) a Certificate of Appealability is **DENIED** under Rule 11(a) of the Rules Governing Section 2255 Proceedings.

_____
UNITED STATES DISTRICT JUDGE